JULIA S. GREENHALL, Respondent, v. LOUIS ROTHSCHILD et al., Appellants.

(Argued December 12, 1932; decided January 10, 1933.)

*David L. Podell, Louis B. Davidson, John A. Sherman* and *Sol Deutsch* for appellants.  The Supreme Court had no jurisdiction to pass upon the validity of the will of January 12th or of April 12th, which were matters purely cognizable in the Surrogate's Court.  (*Anderson* v. *Anderson,* 112 N. Y. 104; *Matter of Erlanger,* 242 N. Y. Supp. 257; *Matter of Work,* 137 N. Y. Supp. 97; *Booth* v. *Kitchen,* 7 Hun, 255; *O'Brien* v. *Bonfield,* 220 Ill. 219; *Meluish* v. *Milton,* 3 Ch. 27; *Webb* v. *Claverden,* 2 Atk. 424; *Ryves*

v. *Wellington,* 9 Beav. 579; *Thompson* v. *Nichols,* 254 Fed. Rep. 973; *Matter of Broderick,* 88 U. S. 503.) Plaintiff's failure to join as parties to this action the sisters and other next of kin of the decedent renders any decree of the court with reference to the wills and transfers herein contrary to law and constitutes reversible error. (*Riggs* v. *Cragg,* 89 N. Y. 470; *Osterhoudt* v. *Board,* 98 N. Y. 239; *Bouton* v. *Van Buren,* 229 N. Y. 17; *Delcambre* v. *Delcambre,* 210 N. Y. 460; *Hobart College* v. *Fitzhugh,* 27 N. Y. 130; *Brown* v. *Brown,* 190 N. Y. Supp. 373; *Early* v. *Nash,* 139 App. Div. 736; *Rosenbaum* v. *Beuthner,* 12 N. Y. Supp. 597; *Gugel* v. *Hiscox,* 216 N. Y. 145; *Mahr* v. *N. U. F. Ins. Co.,* 127 N. Y. 452; *Simon* v. *Gibralter,* 179 App. Div. 273; *First Nat. Bank* v. *Shuler,* 153 N. Y. 163; *McKnight* v. *Bank of New York,* 254 N. Y. 417.)

*Samuel Silbiger* for respondent. The lower court had power to make the judgment and decree appealed from herein. (*Voorhees* v. *Voorhees,* 39 N. Y. 463; *LeBrantz* v. *Conklin,* 39 Misc. Rep. 715; *Rogers* v. *New York Land Co.,* 134 N. Y. 197; *Chatfield* v. *Simonson,* 92 N. Y. 199; *Patcher* v. *Scobell Chemical Co.,* 129 Misc. Rep. 612; *Village of Bollivar* v. *Bollivar Water Co.,* 62 App. Div. 484; *Lawrence* v. *Grant,* 140 App. Div. 629; *Redpath* v. *Redpath,* 75 App. Div. 95; *Ackerman* v. *Hartwick,* 123 Misc. Rep. 937; *Butler* v. *New York Bargain House,* 242 N. Y. 28.)

*Per Curiam.* In view of the fact that the necessary parties for the probate of a will are not before the court, the decree should be modified by striking out of the first adjudicating clause of the decree the following words, " was duly executed by Betty Hirsch and published and declared by her to be her last will and testament and was not revoked by Betty Hirsch," and by striking out the word " probated " in the third line from the end of that paragraph and inserting in place thereof the words " Proceedings taken therein for its probate." Also by

inserting in the second adjudicating clause after the word " void " in the second line from the end thereof, the words " as to the defendants " and in the eighth adjudicating paragraph after the word " void " in the last line, inserting the words " as to them," and as so modified the judgment should be affirmed, with costs to the respondent.

The judgment should be modified in accordance with this opinion and as so modified affirmed, with costs to respondent.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.